IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

       v.                              10-cr-18-wmc-1

JOHN WOLENEC,

                Defendant.

---

A hearing on the probation office's petition for judicial review of John Wolenec's supervised release was held on April 13, 2017, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Aaron Wegner appeared for the government. The defendant was present in person and by counsel, Kelly A. Welsh. Also present was Senior U.S. Probation Officer Kristin E. Kiel.

## FACTS

From the record I make the following findings of fact. The defendant was sentenced in the Western District of Wisconsin on August 6, 2010, following his conviction for attempted possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). This is a Class C felony. The defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 84 months, with a life term of supervised release to follow. The defendant's term of supervision began on June 22, 2016.

1

The petition alleges that the defendant violated Special Conditions Numbers 6 and 9. Specifically, the defendant is prohibited from possessing any material containing child pornography as defined in 18 U.S.C. § 2256(8), and from associating with any person under the age of 18 or having verbal, written, telephonic, or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer. On February 28, 2017, the defendant's laptop computer was examined and it was discovered that he had been searching for and viewing prohibited images of pubescent males. Even worse, it appears that the defendant had been engaging in live, online sex chat rooms with pubescent males. The defendant's laptop computer was then seized for further forensic examination of his laptop computer.

The defendant's violations would be classified as Grade C violations. His criminal history score falls within Criminal History Category I. A Grade C violation coupled with Criminal History Category I would result in an advisory guideline range of imprisonment of 3 to 9 months. According to 18 U.S.C. § 3583(e)(3), the statutory maximum term of imprisonment is two years based on the original offense of conviction for a Class C felony. Title 18 U.S.C. § 3583(k) authorizes the Court to re-impose a term of supervised release up to the maximum of a life term in this case.

After hearing both parties' arguments and, for reasons stated on the record at the hearing, the judicial review will be held in abeyance for a period of 120 days. The defendant's compliance with his treatment, location monitoring, and computer access conditions will continue to be monitored during this period.

ORDER

IT IS ORDERED that the probation office's petition for judicial review is STAYED for 120 days and the period of supervised release imposed at the time of the defendant's sentencing on August 6, 2010, is CONTINUED. All of the previously imposed mandatory and discretionary conditions of supervision shall remain in effect. Barring further order of the court, this judicial review proceedings will be deemed closed as of August 11, 2017.

Entered this 13th day of April, 2017

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge